RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 12/1/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MALINDA SIKES** | **CIVIL ACTION NO. 08-1969** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | **MAG. JUDGE HORNSBY** |

### RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 14] filed by Plaintiff Malinda Sikes ("Sikes"). Sikes seeks a judgment ordering Defendant Life Insurance Company of North America ("LINA") to pay her short-term and long-term disability benefits in accordance with employer-funded short-term and long-term disability benefit plans ("plans").

The motion was referred to Magistrate Judge Mark Hornsby for Report and Recommendation, which issued on October 27, 2009. [Doc. No. 27]. Based on his review, the Magistrate Judge recommended that the Court find that LINA is a proper defendant in this case, that LINA abused its discretion when it denied Sikes' claim for short-term disability benefits, and that Sikes' claim for long-term disability benefits should be remanded to LINA for consideration on the merits. The Court agrees with and ADOPTS the Magistrate Judge's characterization of the alleged facts in this case, but, for the reasons stated below, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Magistrate Judge's analysis and recommendation.

On November 13, 2009, LINA filed an Objection [Doc. No. 28] to the Report and Recommendation. On November 18, 2009, Sikes filed a Reply [Doc. No. 29] to LINA's Objection.

Sikes' claims for disability benefits arise under the Employee Retirement Income Security

Act, 29 U.S.C. § 1132(a)(1)(B) ("ERISA claims"). LINA contends that it is not a proper defendant to the ERISA claims because it is merely a third-party plan administrator with no financial obligation for payment of disability benefits or control over the plans themselves.[1] LINA further contends that the only proper defendant to the ERISA claims is Buffets, Inc. ("Buffets"), the employer who funded the plans, or the plans themselves.

In the Report and Recommendation, the Magistrate Judge recommended that the Court find that LINA is a proper defendant. The Magistrate Judge reasoned:

> Some cases do hold that the only proper defendant for an ERISA claim to recover benefits is the plan itself. Others allow that an administrator of the plan may be a proper defendant, and some cases allow a claim to be directed at the plan administrator but not a mere claims administrator. *See Ford v. MCI Commc'ns Corp. Health and Welfare Plan*, 399 F.3d 1076, 1081-83 (9th Cir. 2005); *Haydel v. Health Smart Benefit Solutions, Inc.*, 2009 WL 2856330 (E.D. La. 2009); and *Johnson v. Hartford Life & Accident Ins. Co.*, 2009 WL 540959 (S.D. Tex. 2009) (noting circuit split). The Fifth Circuit has not strictly followed the "sue the plan only" approach. It has, for example, permitted a claim against an employer directly when the employer was responsible for paying benefits. *See Musmeci v. Schwegmann Giant Super Mkts., Inc.*, 332 F.3d 339 (5th Cir. 2003) and *Wilson v. Kimberly-Clark Corp.*, [2007 WL 3251684] (5th Cir. 2007). The parties have not cited a controlling decision that would direct the outcome of this issue in this case.
>
> The plan in this record does not in its definitions provide a name for itself, but the name on the cover of the document is "Buffets, Inc. and its Subsidiaries Short-Term Disability Plan." The plan provides in separate provisions that it is "administered" by CIGNA (LINA) and that claims for benefits must be approved by CIGNA (LINA), after which they will be paid by the employer. It appears LINA was no mere claims manager but is also the administrator of the plan itself. It is recommended that the court find that LINA is a proper defendant with respect to the [short term disability] benefits claim. If the court disagrees and chooses to follow those decisions that have held that the only proper defendant is the plan, [Sikes] should be permitted an opportunity to amend her complaint to name the plan itself as a defendant.

---

[1] LINA's contention relies, in part, on the provisions of the short-term disability plan that is attached to LINA's Response [Doc. No. 23] to Sikes' Motion for Summary Judgment. The parties agree that the short-term disability plan was accidently excluded from the administrative record.

[Doc. No. 27].

The Court agrees that LINA is a third-party plan administrator and the plans are funded by Buffets. However, the Court finds that LINA is an improper defendant to the ERISA claims. Thus, the Court DECLINES TO ADOPT this recommendation.

"[D]istrict courts within the Fifth Circuit have consistently held that the only proper defendant in an ERISA enforcement action is the plan itself, regardless of control over the plan." *Johnson v. Hartford Life and Accident Ins. Co.*, No. H-09-56, 2009 WL 540959, *3 (S.D. Tex. March 4, 2009) (citing *Lee v. Tyco Elec. Power Sys., Inc.*, No. 3:04-CV-2260-D, 2006 WL 1722569, *6-7 (N.D. Tex. June 20, 2006); *Metro Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 831, 835 (E.D. Tex. 2002); *Murphy v. Wal-Mart Assoc. Group Health Plan*, 928 F. Supp. 700, 709 (E.D. Tex. 1996)). However, as in *Musmeci*, the case cited by the Magistrate Judge, the Fifth Circuit held that "where the employer was both the plan administrator and plan sponsor and the relevant plan has no meaningful existence separate from the employer, it was proper to name the employer as a defendant." *Wilson v. Kimberly-Clark Corp.*, No. 07-60289, 2007 WL 3251684, *4 (5th Cir. Nov. 5, 2007) (citing *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 350 (5th Cir. 2003)). Neither *Musmeci* nor any other case in the Fifth Circuit has held that a third-party plan administrator that is not a plan's sponsor is a proper defendant.[2] In this case, LINA is neither the

---

[2]The Magistrate Judge cites *Haydel* and *Johnson* for the proposition that a plan administrator is a proper defendant. [Doc. No. 27, p. 13 (citing *Haydel v. Health Smart Benefit Solutions, Inc.*, No. 09-3032, 2009 WL 2856330 (E.D. La. Aug. 28, 2009); *Johnson v. Hartford Life & Accident Ins. Co.*, No. H-09-56, 2009 WL 540959 (S.D. Tex. Mar. 4, 2009))]. While both cases cite the law in other circuits, both decisions expressly hold that a plan administrator is not a proper defendant. *Haydel*, 2009 WL 2856330, *3 ("This Court agrees . . . that 'the Plan is the only proper party defendant in an action brought pursuant to Section 1132(a)(1)(B) for recovery of Plan benefits.'"); *Johnson*, 2009 WL 540959, *3 ("[B]ecause defendant serves only an

3

employer nor the plans' sponsor. The Court finds that LINA is not a proper defendant to Sikes' ERISA claims.

Sikes asserts that, even if LINA is not a proper defendant to her ERISA claims, LINA should still be held liable for breach of fiduciary duty. However, Sikes did not assert a claim for breach of fiduciary duty in her complaint. If Sikes intends to pursue such a claim against LINA, or ERISA claims against the plans or Buffets, she must amend her complaint.

For the foregoing reasons, Sikes' Motion for Summary Judgment [Doc. No. 14] is DENIED. However, the Court adopts the alternative recommendation of the Magistrate Judge and hereby grants Sikes leave to amend her complaint. The Court gives notice of its intent to *sua sponte* grant summary judgment in favor of LINA and dismiss this action unless Sikes amends her complaint within fourteen (14) calendar days of this Ruling and Order. Sikes shall file a memorandum in opposition within the same time period if she chooses not to amend her complaint and opposes a judgment that dismisses this action.

MONROE, LOUISIANA, this 1 day of December 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

administrative role, and is neither the provider or insurer of the Plan, nor the Plan itself, any claim against defendant challenging the nonpayment of benefits under the ERISA-governed Plan must be dismissed.").

4