UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **MALINDA SIKES** | **CIVIL ACTION NO. 08-1969** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LIFE INSURANCE COMPANY OF NORTH AMERICA** | **MAG. JUDGE HORNSBY** |

### RULING

Before the Court is a "Motion to Dismiss and/or Motion for Summary Judgment" filed by Defendant Buffets, Inc. ("Buffets") against Plaintiff Malinda Sikes ("Sikes"). [Doc. No. 37]. Sikes filed a response [Doc. No. 39], Buffets filed a reply [Doc. No. 42], and Sikes filed a sur-reply [Doc. No. 45]. For the following reasons, Buffets' Motion for Summary Judgment is GRANTED, and Sikes' claim against Buffets is DISMISSED WITH PREJUDICE. Buffets' Motion to Dismiss is DENIED as MOOT.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Sikes was an employee of Ryan's Family Steakhouse ("Ryan's"), an affiliate of Buffets. As an employee of Ryan's, Sikes was eligible to participate in Buffets' short-term ("STD") and long-term disability ("LTD") benefit plans. In October 2007, Sikes allegedly became disabled because of cystitis, left her job at Ryan's, and applied for STD and LTD benefits. Sikes was approved for STD benefits through January 21, 2008, but both STD and LTD benefits were denied after that date.

On January 22, 2008, Buffets filed for bankruptcy. *See In re Buffet Holdings, Inc.*, No. 08-1014(MFW) (Bankr. Del. 2008). On May 12, 2008, the bankruptcy court entered an order ("Bar Date Order") establishing a deadline for holders of pre-petition claims against Buffets to file such

claims. [Doc. No. 40, Exhibit E]. Paragraph 12 of the Bar Date Order states:

> Pursuant to Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in these chapter 11 cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against [Buffets], but fails to do so by the applicable Bar Date, shall not be treated as a creditor with respect to such Claim for the purposes of . . . distribution under any chapter 11 plan proposed and/or confirmed in [this] case.

[Doc. No. 40, Exhibit E]. Sikes received notice of the bankruptcy action, instructions on submitting claims against Buffets, notice of the hearing to consider the confirmation of a bankruptcy plan, and procedures for filing objections to the confirmation of a bankruptcy plan. [Doc. No. 37, Malo Aff.]. On March 11, 2009, Buffets filed a final plan of reorganization ("Plan"). [Doc. No. 37, Exhibit A]. On April 17, 2009, the bankruptcy court issued an order confirming the Plan ("Confirmation Order"). [Doc. No. 37, Exhibit B].

Despite her knowledge of Buffets' bankruptcy, on December 17, 2008, Sikes filed the instant suit against Life Insurance Company of North America ("LINA"), the third-party administrator of the STD and LTD benefit plans, for wrongful denial of benefits. [Doc. No. 1]. However, on December 1, 2009, this Court ruled that LINA was an improper defendant, and gave notice of its intent to *sua sponte* dismiss this case unless Sikes amended her complaint to assert either a breach of fiduciary duty claim against LINA; an ERISA claim against the plans or against the employer who funded the plans; or both. [Doc. No. 30]. On December 10, 2009, Sikes amended her complaint, asserting a breach of fiduciary duty claim against LINA and a claim for STD benefits against Buffets. [Doc. No. 32].

On January 29, 2010, Buffets filed a Motion to Dismiss and/or Motion for Summary Judgment. Buffets asserts that Sikes' claim for STD benefits was discharged in Buffets' bankruptcy

2

proceeding. Sikes contends that her claim was not discharged because the Plan states that her claim survives the effective date of the Plan.

## II. LAW AND ANALYSIS

### A. Motion for Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Whether Sikes' Claim was Discharged in Bankruptcy

Section 1141(d)(1) of the Bankruptcy Code provides "for the discharge of any claim arising

before the date of a plan's confirmation unless the claim is excepted from discharge under section 523,"[1] in the plan, or in the order confirming the plan.  11 U.S.C. § 1141(d)(1); *In re Ken Davis Holding Co.*, 249 F.3d 383, 386 (5th Cir. 2001).  "A discharge . . . operates as an injunction against the commencement or continuation of an action . . . to collect . . . debt as a personal liability of the debtor . . . ."  11 U.S.C. § 524(a).  Sikes' claim arose in January 2008, before the bankruptcy court issued the Confirmation Order on April 17, 2009.  Therefore, unless the Plan or Confirmation Order provide otherwise, Sikes' claim was discharged in the bankruptcy proceeding, and she is enjoined from asserting her claim for STD benefits against Buffets.

Sikes contends that Section XIII of the Plan explicitly preserves her claim from discharge.  Section XIII of the Plan states:

> [A]ll . . . employee . . . benefit plans . . . shall be treated as though they are executory contracts that are assumed under the plan and the debtors' obligations under such agreements and programs shall survive the effective date of the plan . . . .

[Doc. No. 39, Exhibit A].

However, Buffets argues that Sikes' claim does not fit within Section XIII because she did not file proof of her claim as required by the Bar Date Order issued pursuant to Bankruptcy Rules 3002-3003.[2]  The Bar Date Order required that holders of pre-petition claims against Buffets file such claims by July 21, 2008.  It is undisputed that Sikes did not file a claim prior to that date.

---

[1] "Section 523(a)(3)(A) precludes discharge of claims that a debtor neglected to list or schedule."  *In re Ken Davis Holding Co.*, 249 F.3d 383, 386 (5th Cir. 2001).  Sikes does not contend that Buffets neglected to list or schedule her claim.

[2] Bankruptcy Rule 3002(a) provides that "[a]n unsecured creditor . . . must file a proof of claim . . . for the claim . . . to be allowed . . . ."  Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor . . . whose claim is . . . scheduled as disputed, contingent, or unliquidated shall file a proof of claim . . .; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of . . . distribution."

However, Sikes argues that she does not seek a "distribution" under the Plan.

The Bar Date Order does not define a "distribution," but Blacks Law Dictionary defines it as "[t]he act or process of apportioning or giving out." BLACKS LAW DICTIONARY 508 (8th ed. 2004). Sikes fails to explain how her claim does not fall squarely within this definition and a plain understanding of the word. Sikes seeks a distribution of STD benefits under an STD benefit plan. Because Sikes failed to file her claim in accordance with the Bar Date Order, her claim is not covered by Section XIII of the Plan. Therefore, Sikes' claim was discharged in the bankruptcy proceeding, and she is enjoined from asserting her claim against Buffets.

### III. CONCLUSION

Accordingly, Buffets' Motion for Summary Judgment is GRANTED, and Sikes' claim against Buffets is DISMISSED. Furthermore, Buffets' Motion to Dismiss is DENIED as MOOT.

MONROE, LOUISIANA, this 24th day of March, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE