RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 5/13/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MALINDA SIKES | CIVIL ACTION NO. 08-1969 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | MAG. JUDGE HORNSBY |

## RULING

Pending before the Court is a "Motion Under Rules 59 and 60 for New Trial or Relief from Dismissal" [Doc. No. 49] filed by Plaintiff Malinda Sikes ("Sikes"). For the following reasons, the motion is DENIED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Sikes was an employee of Ryan's Family Steakhouse ("Ryan's"), an affiliate of Buffets, Inc. As an employee of Ryan's, Sikes was eligible to participate in Buffets, Inc.'s short-term ("STD") and long-term disability ("LTD") benefit plans. In October 2007, Sikes allegedly became disabled because of cystitis, left her job at Ryan's, and applied for STD and LTD benefits. Sikes was approved for STD benefits through January 21, 2008, but both STD and LTD benefits were denied after that date.

On January 22, 2008, Buffets, Inc. filed for bankruptcy. *See In re Buffet Holdings, Inc.*, No. 08-1014(MFW) (Bankr. Del. 2008). On May 12, 2008, the bankruptcy court entered an order ("Bar Date Order") establishing a deadline for holders of pre-petition claims against Buffets, Inc. to file such claims. [Doc. No. 40, Exhibit E]. Sikes received notice of the bankruptcy action, instructions on submitting claims against Buffets, Inc., notice of the hearing to consider the confirmation of a

bankruptcy plan, and procedures for filing objections to the confirmation of a bankruptcy plan. [Doc. No. 37, Malo Aff.]. On March 11, 2009, Buffets, Inc. filed a final plan of reorganization. [Doc. No. 37, Exhibit A]. On April 17, 2009, the bankruptcy court issued an order confirming the final plan of reorganization ("confirmed plan of reorganization"). [Doc. No. 37, Exhibit B].

Despite her knowledge of Buffets, Inc.'s bankruptcy proceeding, on December 17, 2008, Sikes filed the instant suit against Life Insurance Company of North America ("LINA"), the third-party administrator of the STD and LTD benefit plans, for wrongful denial of benefits. [Doc. No. 1]. However, on December 1, 2009, the Court ruled that LINA was an improper defendant for Sikes' STD benefit claim and gave notice of its intent to *sua sponte* dismiss this case unless Sikes amended her complaint to assert a breach of fiduciary duty claim against LINA, an ERISA claim against the STD benefit plan or the employer who funded the STD benefit plan, or both. [Doc. No. 30]. On December 10, 2009, Sikes amended her complaint, asserting a breach of fiduciary duty claim against LINA and a claim for STD benefits against Buffets, Inc. Short-Term Disability Plan ("Defendant"). [Doc. No. 32].

On January 29, 2010, Defendant, purporting to be Buffets, Inc., filed a "Motion to Dismiss and/or for Summary Judgment." [Doc. No. 37]. Defendant asserted that Sikes' claim for STD benefits was discharged in Buffets, Inc.'s bankruptcy proceeding. *Id.* Sikes contended that her claim was not discharged because the final plan of reorganization stated that Buffet, Inc.'s obligations under the STD benefit plan survived the effective date of the final plan of reorganization. [Doc. Nos. 39 & 45].

On March 24, 2010, the Court granted Defendant's motion. [Doc. No. 46 & 47]. The Court ruled that, "because Sikes failed to file her claim in accordance with the Bar Date Order, her claim

2

[was] not covered by [the confirmed plan of reorganization]" but was "discharged in the bankruptcy proceeding . . . ." [Doc. No. 46]. The Court entered a judgment dismissing Sikes' claim for STD benefits against "Buffets, Inc." with prejudice. [Doc. No. 47].

On the same day, Sikes filed a "Motion Under Rules 59 and 60 for New Trial or Relief from Dismissal." [Doc. No. 49]. On March 30, 2010, Sikes filed a supplemental memorandum in support of her motion. [Doc. No. 58]. On April 15, 2010, Defendant filed a response. [Doc. No. 60].

## II.    LAW AND ANALYSIS

Sikes' motion is made pursuant to Federal Rules of Civil Procedure 59 and 60. *See* FED. R. CIV. P. 59(e) & 60; *see also Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996). "Such motions serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations and citations omitted).

Sikes asserts that the Court should vacate its March 24, 2010 Judgment [Doc. No. 47] for two reasons. First, Sikes asserts that she is "not seeking anything from the bankruptcy estate, but rather to enforce an obligation that was expressly assumed in the confirmed plan of reorganization." [Doc. No. 49]. However, Sikes previously made this argument in her response [Doc. No. 39] to Defendant's "Motion to Dismiss and/or Motion for Summary Judgment." Sikes also ignores the fact that, on page four and five of the Court's March 24, 2010 Ruling, the Court found that Defendant's obligation to pay Sikes under the STD benefit plan was **not assumed** in the confirmed plan of reorganization. [Doc. No. 46].

Second, in her supplemental memorandum, Sikes asserts that, because her ERISA claim for STD benefits was against Buffets, Inc. Short-Term Disability Plan and not Buffets, Inc., her claim

3

could not have been discharged in Buffets Inc.'s bankruptcy proceeding.

Sikes named Buffets, Inc. Short-Term Disability Plan and not Buffets, Inc. in her Amended Complaint [Doc. No. 32]. However, in her sur-reply to Defendant's "Motion to Dismiss and/or Motion for Summary Judgment" and in her original memorandum in support of the instant "Motion Under Rules 59 and 60 for New Trial or Relief from Dismissal," Sikes asserted that her claim for STD benefits was against a reorganized debtor, *i.e.*, Buffets, Inc. [Doc. No. 45] ("Plaintiff's claim is against the reorganized debtor . . . ."); [Doc. No. 49] ("The plaintiff did not need to file proof of claim because she is not seeking a distribution from the assets of the bankruptcy estate, but rather to enforce an obligation of the reorganized debtor expressly assumed by it."). Regardless, even assuming Sikes' claim for STD benefits was not discharged in Buffets, Inc.'s bankruptcy proceeding, her claim fails because the STD benefit plan is not governed by ERISA. *See* 29 U.S.C. § 1132(d).[1]

ERISA defines an "employee benefit plan" as "an employee welfare benefit plan." 29 U.S.C. § 1002(3). An "employee welfare benefit plan" is defined as:

> [A]ny plan, fund, or program which was . . . established or maintained by an employer . . . for the purpose of providing its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . .

29 U.S.C. § 1002(1). However, if a particular arrangement falls within a safe-harbor provision established by the Department of Labor, it is not an employee welfare benefit plan and is not

---

[1] Sikes and LINA initially stipulated in the record that the "employee benefit plan at issue in this litigation is governed by [ERISA] . . . and that ERISA preempts state-law issues relating to the Plan." [Doc. No. 10]. That stipulation appears to refer to both the STD and LTD benefit plans. The Court relied on that stipulation in its December 1, 2009 Ruling. *See* [Doc. No. 30]. However, Defendant was not a party to this suit at that time. Since being added to this suit, Defendant has maintained that the STD benefit plan is not governed by ERISA. [Doc. Nos. 37 & 60].

governed by ERISA. *McNeil v. Time Ins. Co.*, 205 F.3d 179, 190 (5th Cir. 2000). One safe-harbor provision established by the Department of Labor is for payroll practices. *See* 29 C.F.R. § 2510.3-1(b)(2). A payroll practice is, among other things:

> Payment of an employee's normal compensation, out of the employer's general assets, on account of periods of time during which the employee is physically or mentally unable to perform his or her duties, or is otherwise absent for medical reasons (such as pregnancy, a physical examination or psychiatric treatment) . . . .

29 C.F.R. § 2510.3-1(b)(2).

Defendant offers evidence that the STD benefit plan is a payroll practice as defined by 29 C.F.R. § 2510.3-1(b)(2). Specifically, Defendant offers evidence that:

(1) The STD benefit plan was established and is maintained by Buffets, Inc. and provides benefits to eligible employees of Buffets, Inc. and its affiliates;

(2) Benefits are paid to an eligible employee in the event he or she is unable to perform his or her job duties because of a physical or mental illness;

(3) Benefits are calculated using a percentage of an employee's weekly base salary, depending on his or her years of service; and

(4) Benefits are paid through Buffets, Inc.'s payroll system from Buffets, Inc.'s general assets.

[Doc. No. 37-2, ¶¶ 2-4].

Sikes offers no evidence that the STD benefit plan is not a payroll practice or that it is otherwise governed by ERISA. Therefore, the Court finds that, even assuming that Sikes' ERISA claim for STD benefits was not discharged in Buffets, Inc.'s bankruptcy proceeding, her claim fails because the STD benefit plan is a payroll practice and is not governed by ERISA. Accordingly,

Sikes' "Motion Under Rules 59 and 60 for New Trial or Relief from Dismissal" is DENIED.

### III. CONCLUSION

For the foregoing reasons, Sikes' "Motion Under Rules 59 and 60 for New Trial or Relief from Dismissal" [Doc. No. 49] is DENIED.

MONROE, LOUISIANA, this 13 day of May, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT COURT