RECEIVED
IN MONROE, LA
JUN 07 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MALINDA SIKES | CIVIL ACTION NO. 08-1969 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | MAG. JUDGE MARK HORNSBY |

RULING

Pending before the Court are a "Motion to Dismiss and/or Motion for Summary Judgment" [Doc. No. 48] filed by Life Insurance Company of North America ("LINA") and a Second Motion for Summary Judgment [Doc. No. 53] filed by Malinda Sikes ("Sikes"). For the following reasons, LINA's motion is GRANTED, and Sikes' motion is DENIED.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Sikes was an employee of Ryan's Family Steakhouse ("Ryan's"), an affiliate of Buffets, Inc. ("Buffets"). As an employee of Ryan's, Sikes was eligible to participate in Buffets' short-term ("STD") and long-term disability ("LTD") benefit plans. In October 2007, Sikes allegedly became disabled because of cystitis, left her job at Ryan's, and applied for STD and LTD benefits. Sikes was approved for STD benefits through January 21, 2008, but both STD and LTD benefits were denied after that date.

On December 17, 2008, Sikes filed the instant suit against LINA, the third-party administrator of the STD and LTD benefit plans, for wrongful denial of benefits. [Doc. No. 1]. On April 6, 2009, LINA and Sikes stipulated that the disability benefit plans were governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* [Doc. No. 10].

On May 18, 2009, Sikes filed a Motion for Summary Judgment. [Doc. No. 14]. The motion was referred to Magistrate Judge Mark Hornsby for report and recommendation. On October 27, 2009, the Magistrate Judge issued his Report and Recommendation. [Doc. No. 27]. The Magistrate Judge recommended that the Court grant the motion in part and find that LINA abused its discretion when it denied Sikes' ERISA claim for STD benefits. The Magistrate Judge also recommended that the Court deny the motion in part and dismiss Sikes' ERISA claim for LTD benefits without prejudice because Sikes had not exhausted her administrative remedies.

On December 1, 2009, the Court issued a Ruling [Doc. No. 30], adopting the report and recommendation to the extent that it dismissed Sikes' ERISA claim for LTD benefits without prejudice to Sikes' right to reassert her claim after she exhausted her administrative remedies. However, the Court found that LINA was not a proper defendant to Sikes' ERISA claim for STD benefits and thus declined to adopt the Magistrate Judge's recommendation on this claim. The Court gave notice of its intent to *sua sponte* dismiss this case unless Sikes amended her complaint to assert an ERISA breach of fiduciary duty claim against LINA, an ERISA claim for STD benefits against the STD benefit plan or the employer who funded the STD benefit plan, or both. On December 10, 2009, Sikes amended her complaint, asserting an ERISA breach of fiduciary duty claim against LINA and an ERISA claim for STD benefits against Buffets and/or Buffets, Inc. Short-Term Disability Plan. [Doc. No. 32].

On January 29, 2010, Buffets, Inc. Short-Term Disability Plan, purporting to be Buffets, filed a Motion for Summary Judgment. [Doc. No. 37]. On March 24, 2010, the Court found that Sikes' ERISA claim for STD benefits against Buffets was discharged in Buffets' bankruptcy proceeding, and dismissed the claim with prejudice.


On May 18, 2009, Sikes filed a Motion for Summary Judgment. [Doc. No. 14]. The motion was referred to Magistrate Judge Mark Hornsby for report and recommendation. On October 27, 2009, the Magistrate Judge issued his Report and Recommendation. [Doc. No. 27]. The Magistrate Judge recommended that the Court grant the motion in part and find that LINA abused its discretion when it denied Sikes' ERISA claim for STD benefits. The Magistrate Judge also recommended that the Court deny the motion in part and dismiss Sikes' ERISA claim for LTD benefits without prejudice because Sikes had not exhausted her administrative remedies.

On December 1, 2009, the Court issued a Ruling [Doc. No. 30], adopting the report and recommendation to the extent that it dismissed Sikes' ERISA claim for LTD benefits without prejudice to Sikes' right to reassert her claim after she exhausted her administrative remedies. However, the Court found that LINA was not a proper defendant to Sikes' ERISA claim for STD benefits and thus declined to adopt the Magistrate Judge's recommendation on this claim. The Court gave notice of its intent to *sua sponte* dismiss this case unless Sikes amended her complaint to assert an ERISA breach of fiduciary duty claim against LINA, an ERISA claim for STD benefits against the STD benefit plan or the employer who funded the STD benefit plan, or both. On December 10, 2009, Sikes amended her complaint, asserting an ERISA breach of fiduciary duty claim against LINA and an ERISA claim for STD benefits against Buffets and/or Buffets, Inc. Short-Term Disability Plan. [Doc. No. 32].

On January 29, 2010, Buffets, Inc. Short-Term Disability Plan, purporting to be Buffets, filed a Motion for Summary Judgment. [Doc. No. 37]. On March 24, 2010, the Court found that Sikes' ERISA claim for STD benefits against Buffets was discharged in Buffets' bankruptcy proceeding, and dismissed the claim with prejudice.

On the same day, Sikes filed a "Motion under Rules 59 and 60 for New Trial or Relief from Dismissal" ("Motion for New Trial"). [Doc. No. 49]. On May 13, 2010, the Court denied Sikes' Motion for New Trial. [Doc. No. 64]. The Court reiterated that Sikes' ERISA claim for STD benefits against Buffets was discharged in Buffets' bankruptcy proceeding. The Court also found that, even if Sikes' ERISA claim for STD benefits against Buffets was not discharged, the STD benefit plan was not governed by ERISA, and, therefore, her claim against Buffets or Buffets, Inc. Short-Term Disability Plan failed.[1]

Also on March 24, 2010, LINA filed a "Motion to Dismiss and/or Motion for Summary Judgment." [Doc. No. 48]. On March 26, 2010, Sikes filed a response. [Doc. No. 51]. On April 9, 2010, LINA filed a reply. [Doc. No. 59]. On March 26, 2010, Sikes filed a Second Motion for Summary Judgment. [Doc. No. 53]. On April 19, 2010, LINA filed a response. [Doc. No. 61].

## II.  LAW AND ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty*

---

[1] This finding was urged by Buffets and/or Buffets, Inc. Short-Term Disability Plan in response to Sikes' Motion for New Trial and in its January 29, 2010 Motion for Summary Judgment.

3

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B.     LINA's Motion to Dismiss and/or Motion for Summary Judgment[2]

LINA asserts that Sikes' ERISA breach of fiduciary duty claim against LINA should be dismissed because such a claim is not cognizable under ERISA. LINA assumes that the STD benefit plan is governed by ERISA because LINA and Sikes originally stipulated that the STD benefit plan was governed by ERISA. [Doc. No. 10]. However, on May 13, 2010, at the urging of Buffets and/or Buffets, Inc. Short-Term Disability Plan, and after review, the Court found that the STD benefit plan was not governed by ERISA. [Doc. No. 64]. Neither LINA's status as a third-party administrator of the STD benefit plan, nor the fact that LINA and Sikes stipulated that the STD benefit plan was governed by ERISA, alters the Court's finding. Because the STD benefit plan is not governed by ERISA, Sikes' breach of fiduciary duty claim against LINA is DISMISSED WITH PREJUDICE.[3]

---

[2]Because the Court has considered the STD benefit plan, the Court analyzes LINA's motion as a motion for summary judgment. *See* FED. R. CIV. P. 12(d).

[3]The parties do not address whether Sikes could assert viable state law claims for STD benefits against LINA. The Court, therefore, offers no opinion on this issue.

4

LINA also asserts that Sikes' ERISA claim for LTD benefits should be dismissed because Sikes has not exhausted her administrative remedies with respect to that claim. In its December 1, 2009 Ruling, the Court adopted in part the Magistrate Judge's October 27, 2009 report and recommendation and dismissed Sikes' claim for LTD benefits against LINA without prejudice. To the extent that the Court's December 1, 2009 Ruling and Order do not reflect such a finding, the Court hereby adopts those portions of the October 27, 2009 report and recommendation that analyze Sikes' ERISA claim for LTD benefits against LINA.

However, in her Second Motion for Summary Judgment [Doc. No. 53], Sikes now contends that she has exhausted her administrative remedies because LINA refuses to act on her appeal. LINA argues that it cannot act on her appeal until it receives a new disclosure consent form from Sikes. Sikes previously submitted a disclosure consent form to LINA, but the form has expired. LINA cannot obtain updated medical records from Sikes' treatment providers and submit medical questionnaires to those providers until Sikes submits a new form. LINA also argues that its deadline to notify Sikes whether her appeal is granted or denied is tolled until Sikes submits a new disclosure form. *See* 29 C.F.R. § 2560.503-1(f)(4). Sikes does not respond to either argument. The Court's previous Ruling stands, and the Court finds that Sikes has not provided evidence that she has fully exhausted her administrative remedies. Therefore, Sikes' ERISA claim for LTD benefits is DISMISSED WITHOUT PREJUDICE to Sikes' right to reassert her claim after exhausting her administrative remedies.

### C.  Sikes' Second Motion for Summary Judgment

Sikes asserts that she is entitled to summary judgment against Buffets, Inc. Short-Term Disability Plan for wrongful denial of STD benefits. However, on March 24, 2010, and again on

5

May 13, 2010, the Court dismissed Sikes' ERISA claim for STD benefits against Buffets and/or Buffets, Inc. Short-Term Disability Plan. [Doc. Nos. 47 & 65]. Sikes' ERISA claim for STD benefits against Buffets or Buffets, Inc. Short-term Disability Plan is no longer before this Court. Therefore, Sikes' motion insofar as it seeks judgment against Buffets or Buffets, Inc. Short-Term Disability Plan is DENIED AS MOOT.

Furthermore, because Sikes' ERISA claim for LTD benefits against LINA has been dismissed, her assertion that she is entitled to summary judgment against LINA on that claim is also DENIED AS MOOT.

## III. CONCLUSION

For the foregoing reasons, LINA's "Motion to Dismiss and/or Motion for Summary Judgment" [Doc. No. 48] is GRANTED. Sikes' ERISA breach of fiduciary duty claim against LINA is DISMISSED WITH PREJUDICE. Sikes' ERISA claim for LTD benefits against LINA is DISMISSED WITHOUT PREJUDICE to Sikes' right to reassert her claim after exhausting her administrative remedies.

Furthermore, Sikes' Second Motion for Summary Judgment [Doc. No. 53] is DENIED AS MOOT.

MONROE, LOUISIANA, this 4 day of June, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT COURT